**Robert PICCOLLELA and Richard Piccollela, Plaintiffs,**

v.

**John RIECK, as Assistant District Attorney for the City of New York, et al., Defendants.**

**No. 81 Civ. 4908–CSH.**

United States District Court,
S.D. New York.

July 13, 1982.

Wendy & Adler, New York City, for plaintiffs; Philip Klein, New York City, of counsel.

Robert M. Morgenthau, Dist. Atty. for New York County, New York City, for City defendants; Amyjane Rettew, Asst. Dist. Atty., New York City, of counsel.

Shearman & Sterling, New York City, for defendants Citibank-Citicorp; David Wray, New York City, of counsel.

MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

The defendants' motions for summary judgment dismissing the complaint are granted.

It is common ground that Assistant District Attorney Rieck is entitled to the defense of qualified or "good faith" immunity. The boundaries of that defense have just been clarified in *Harlow v. Fitzgerald*, —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The previously existing "subjective element" of the good faith defense has now been eliminated. Public officials entitled to qualified immunity are now "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." The test, in short, is

one of "objective reasonableness." —— U.S. at ——, 102 S.Ct. at 2738.[1]

■ Judged by that standard, defendant Rieck is entitled to summary judgment. The information he received from New Jersey authorities gave rise to a reasonable belief on his part that contraband might be present in plaintiffs' safe deposit box, and that plaintiffs, or either of them, might attempt to remove it. Given that presence of probable cause, Rieck was entitled to take reasonable steps to secure the site and preserve any possible evidence until a search warrant could be obtained. *United States v. Diaz,* 577 F.2d 821, 824 (2d Cir. 1978) (Friendly, Ct.J.). He did so by instructing (or "requesting", I need not decide the point) bank officers to deny access to the box if either plaintiff appeared before the warrant issued: a course of conduct which the bank officers followed, thereby triggering this suit.

Plaintiffs contend that this procedure resulted in a *de facto* warrantless seizure of their safe deposit box, in violation of the Fourth Amendment. Particular reliance is laid upon *United States v. Place,* 660 F.2d 44 (2d Cir.1981), as demonstrating to Rieck or any reasonable observer the illegality of his actions. Plaintiffs contend Rieck should have sent a police officer to the bank, positioned to conduct an "on-the-spot" investigative stop under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) if either plaintiff came to the bank and opened the box.

■ I agree that Rieck could have safeguarded against the possible loss of evidence by sending police to the bank, but not that he was constitutionally required to do so. No such requirement derives from *Place,* in which a divided panel of the Second Circuit (Kaufman, Ct.J., dissenting) condemned the "prolonged seizure" of an air passenger's baggage where no warrant had been obtained, in circumstances where "[t]he initial detention of Place and his baggage at LaGuardia, even if justifiable as an investigative stop, failed to yield any evidence providing probable cause for the arrest of Place or the further seizure of his baggage." 660 F.2d at 50. The facts in the case at bar, with particular reference to the presence of probable cause, are quite different. Accepting the concept urged by plaintiffs that Rieck "deputized" bank officers on the site to perform the securing function of the police officers he did not send, I do not regard this as a distinction of constitutional import. The presence of probable cause justified Rieck in availing himself of "practical means of securing" the safe deposit box, "until a warrant could be obtained," *Diaz, supra,* at 824 n. 3. He did not pursue that legitimate objective by unconstitutional means.

Thus the action against Rieck fails. The action against the co-defendant bank falls with it, for reasons that need not be elaborated.

Summary judgment is granted to both defendants. The Clerk of the Court is directed to dismiss the complaint as to both defendants with prejudice.

It is So Ordered.

---

1. While *Harlow* dealt with federal employees, the Court made it clear that no distinction should be drawn for purposes of immunity law between federal and state officials. —— U.S. at —— n. 30, 102 S.Ct. at 2738 n. 30.